IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MUSA RAFIQ-ABDUL-SAMAD BRANHAM,

    Plaintiff,

v.

GEORGE O'BRIEN, NJ DIVISION OF FAMILY DEVELOPMENT OFFICE OF CHILD SUPPORT SERVICES,

    Defendants.

Civil No. 19-8827 (RMB/KMW)

**MEMORANDUM OPINION & ORDER**

THIS MATTER comes before the Court upon Plaintiff Musa Rafiq-Abdul-Samad Branham's filing of a pro se Complaint [Dkt. No. 1] against George O'Brien and the New Jersey Division of Family Development Office of Child Support Services ("Defendants"), seeking damages under 42 U.S.C. § 1983. Along with his Complaint, Plaintiff filed an application for permission to proceed in forma pauperis ("IFP") [Dkt. No. 1-1]

When a non-prisoner seeks permission to file a civil complaint IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the

application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. See <u>Sinwell v. Shapp</u>, 536 F.2d 15, 19 (3d Cir. 1976).

In its current state, Plaintiff's application lacks the specificity necessary for the Court to determine whether Plaintiff is eligible for IFP filing. First, Plaintiff states that he is "not sure" whether he will receive income in the next month from self-employment. [Dkt. No. 1-1, at 1]. Second, Plaintiff's application contains a material inconsistency: Plaintiff states that he was expecting to receive "$0" in income the next month from employment, but, on the very next page, suggests that he could receive commission from his current employment with "TAM Lending." [Dkt. No. 1-1, at 1-2].

For this Court to determine whether Plaintiff is eligible for IFP filing, Plaintiff must submit a new IFP application, which clarifies and provides further details explaining why he is "not sure" about his future income from self-employment. Furthermore, Plaintiff must resolve the discrepancy as to why he expected to receive $0 in income, even though he notes that he might receive commission income.

The Court also cautions Plaintiff that it may dismiss his Complaint for failure to state a claim, pursuant Fed. R. Civ. P. 12(b)(6), because the Complaint is vague and ambiguous. Even when construed liberally in favor of Plaintiff, <u>Haines v.</u>

Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), this Court is unable to determine the factual basis for Plaintiff's claims, as well as what type of relief Plaintiff seeks. See Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). Therefore, the Court urges Plaintiff to amend his Complaint to allege sufficient facts for the Court to ascertain the basis for his claims and requested relief.

**ACCORDINGLY, IT IS** on this **15th** day of **July 2019**, hereby

**ORDERED** that Plaintiff's IFP Application [Dkt. No. 1-1] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail Plaintiff a copy of this Order and a blank IFP application; and it is further

**ORDERED** that Plaintiff must complete the new IFP application, in full with all necessary details and explanations, and file it with this Court within thirty (30) days from the entry of this Order; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter pending the receipt of Plaintiff's revised IFP Application.

                                                 s/Renée Marie Bumb  
                                                 RENÉE MARIE BUMB  
                                                 UNITED STATES DISTRICT JUDGE